THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| **NATHANIEL STEELE** | : | |
| | : | |
| **Plaintiff,** | : | Case No. 1:10-CV-769 |
| | : | |
| VS. | : | |
| | : | |
| **OASIS TURF & TREE, INC.** | : | DEFENDANT'S PROPOSED |
| **ET AL** | : | FINDINGS OF FACT AND |
| | : | CONCLUSIONS OF LAW |
| | : | |
| | : | |
| | : | |
| **Defendants.** | | |

I. FINDINGS OF FACT

1. Plaintiff Nathaniel Steele ("Plaintiff") was hired by Defendants in July 2008 as a lawn care technician.

2. At all times during Plaintiff's employment with Defendant, he was an employee at will.

3. When Plaintiff began his employment with Defendant, he received proper training.

4. Plaintiff has been diagnosed with Diabetes Mellitus Type I.

5. Plaintiff was allowed during his employment with Defendants to take time off work for his Diabetes.

6. Plaintiff was allowed to take whatever steps necessary during his work day to deal with his Diabetes.

7. At no time during employment did Plaintiff complain that he had been subjected to discrimination or retaliation for his Diabetes.

1

8. In late May 2009, Plaintiff took time off work due to sickness and Defendant allowed Plaintiff to be paid for these days with vacation time.

9. In late May and early June, 2009, Defendants experienced a spike in customer complaints about lawn damage.

10. Defendants performed an investigation due to the high volume of complaints.

11. Defendants' investigation demonstrated that Plaintiff was the last technician to serve those damaged lawns.

12. On June 16, 2009 and on other occasions, Plaintiff was told about the damages and Plaintiff refused to acknowledge the damages or accept feedback.

13. In the morning of June 17, 2009, Plaintiff gave his supervisor a request for reasonable accommodations.

14. In the afternoon of June 17, 2009, Plaintiff's supervisor observed damages caused by Plaintiff that demonstrated Plaintiff's blatant disregard for customer property.

15. In the late afternoon of June 17, 2009, Plaintiff and Defendants had meeting about the customer damages.

16. During that late afternoon meeting on June 17, 2009, Defendant explained the situation of the customer damages. Plaintiff got very upset and refused to acknowledge there were any issues.

17. During that same meeting, Defendants terminated Plaintiff's employment due to Plaintiff's poor performance and he unwillingness to change the same.

18. Defendants did not make any statements regarding Plaintiff's diabetes that suggested that his Diabetes was in way related to his termination.

19. Defendants did not make any statements that Plaintiff's request for reasonable accommodations was in any way related to his termination.

20. Plaintiff does not have any documentation which suggests that his Diabetes was in any way related to his termination.

21. After being terminated, Plaintiff filed a complaint for discrimination with EEOC.

22. After being terminated, Plaintiff filed a complaint with the Department of Labor, Occupational Safety and Health Administration.

II. Conclusion of Law

1. Federal and Ohio law prohibits an employer from discharging an employee because of his disability. Since Ohio's disability discrimination law parallels the ADA in all relevant respects, w the same analytical framework, using cases and regulations interpreting the ADA can be used as guidance in the interpretation of the OCRA. *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir.2008) (*citing Wysong v. Dow Chemical Co.*, 503 F.3d 441, 450 (6th Cir. 2007); *City of Columbus Civil Serv. Comm'n v. McGlone*, 697 N.E.2d 204, 206-07 (Ohio 1998)).

2. The Americans with Disabilities Act, (ADA) 42 U.S.C. 12111 prohibits discrimination by a covered entity "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. 42 USC § 12112(a). A prima facie case of disability discrimination under the ADA requires that a plaintiff show: 1) he or she is disabled; 2) otherwise qualified for the position, with or without reasonable accommodation; 3) suffered an adverse employment decision; 4) the employer knew or had reason to know of the plaintiff's disability; and 5) he was replaced, or similarly situated, non-disabled employees were treated more favorable. *Walsh v. United Parcel Service*, 201 F.3d 718, 725(6th Cir. 2000)

3

3. Once a plaintiff demonstrates a prima facie case of discrimination, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its decision. *Manzer v. Diamond Shamrock Chemicals Co*, 29 F.3d 1078, 1082(6th Cir. 1994) *citing Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). If the defendant articulates a legitimate, non-discriminatory reason for its actions, the burden then shifts back to the plaintiff to show that defendant's articulated reason was false and that unlawful discrimination was the real reason. *Id*. at 1083 (*citing St. Mary's Honor Center v. Hicks*, 509 U.S. 502(1993)).

4. Even if the plaintiff makes a prima facie case, the burden shifts to the defendant to articulate a "legitimate, non-discriminatory reason" for the employment decision. *Braithwaite v. Timken Co.*, 258 F.3d 488, 493 (6th Cir. 2001). To meet this burden, "the defendant must clearly set forth, through the introduction of admissible evidence, the reasons" for its decision. *Burdines*, 450 US 248, 255. Finally, if the defendant meets is burden of articulation, the burden shifts back to the plaintiff to show that the reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct. *Johnson v. Kroger Co.*, 319 F3d 858, 866 (6th Cir. 2003).

5. Retaliating against an employee because he engaged in protected activity is expressly prohibited by the ADA and O.R.C. 4112.02 (I). The elements of a claim for retaliation are: (1)that plaintiff engaged in protected activity; (2) that his exercise of his civil rights was known to the defendant; (3) that he was the subject of adverse employment action; and (4) that a causal link existed between the protected activity and the adverse action. *Walborn v. Erie County Care Facility,* 150 F.3d 584, 588-89 (6th Cir. 1998).

6. In *Evans v. Jay Instrument and Specialty Co.*, 889 F.2d 302 (S.D. Ohio 1995), the U.S. District Court for the Southern District of Ohio clearly and succinctly outlined the three methods for proving pretext under *Manzer:*

> The first type of showing consists of evidence that the proffered bases for the plaintiff's adverse treatment never happened, i.e. that they were false…Second, the plaintiff can show that the reasons given by the employer were insufficient to motivate the discharge…This second showing ordinarily consists of evidence that other similarly-situated individuals were more favorably treated…Third, the plaintiff can show that the defendant's proffered reason did not actually motivate the adverse action...In order to make this third type of showing, the plaintiff must introduce additional evidence of discrimination.

*Id*. at 309.

7. Plaintiff was not qualified for his position. Therefore, Plaintiff cannot meet the second element of a prima facie case of disability discrimination, Defendants' Motion must be granted with respect to Count I of Plaintiff's Complaint.

8. Plaintiff has offered no evidence of any causal connection between his termination, his request for reasonable accommodation, and his disability. Therefore, Plaintiff cannot establish retaliation.

9. Defendants have proffered legitimate, non-discriminatory reason for its termination of Plaintiff. Accordingly, the burden shifts to Plaintiff to establish by a preponderance of the evidence that Defendants' articulated reason were merely a pretext for discrimination.

10. Plaintiff is unable to establish that Defendants' reasons were false.

11. Plaintiff is unable to establish that Defendants' reasons were not sufficient for his termination or did not motivate them to terminate Plaintiff.

12. Defendants herein have provided ample proof that it acted in good faith in terminating Plaintiff's employment. Defendants terminated Plaintiff's employment because he was causing significant damages to a significant number of Defendants' customers' properties. Therefore, Plaintiff's claim for discrimination and retaliation must be dismissed.

Respectfully submitted,

/s/ Kari Yeomans
Kari Yeomans (0079517)
4841A Rialto Road
West Chester, Ohio 45069
Tel:   (513) 942-7222
Fax:   (513) 942-6444
E-mail: kari@caparellakraemer.com
Trial Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed with the Court utilizing the CM/ECF system which electronically sends notices to all parties of record, including counsel for Plaintiff, this 13th day of February.

Randolph H. Freking
Katherine D. Daugherty
Freking & Betz
525 Vine Street, Sixth Floor
Cincinnati, Ohio 45202

Barbara Thornell Ginn
1160 State Route 28
Milford, OH 45150

/s/Kari Yeomans_____
Kari Yeomans (0079517)